# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| NICHOLAS S. BACON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV419-093 |
| DAVID EDWARDS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Nicholas Bacon, detained at Liberty County Jail, alleges in his 42 U.S.C. § 1983 Complaint that he has been subjected to excessive force and deprived of his First Amendment right to mail more than postcards. Doc. 1 at 5-6. The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms. Docs. 4 & 5. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim.[1]

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

Bacon alleges that, while in an "unresistible state," Officer McCellond "shot" him in the back in August 2017. Doc. 1 at 5. At unspecified times in the past year, Bacon has further complained of "severe physical discomfort that is beyond acid reflux and constipation," perhaps as a result of being "shot" (he doesn't say). *Id.* Then, in March 2019, Sergeant Barber and Officers Larryman and Driggers caused another inmate to attack Bacon, leaving him injured. Id. He also complains that outgoing mail has been restricted to postcards since February 2019. *Id.* at 6. Bacon demands "reparation for damages caused during hostilities" and "compensation for mental unrest and bodily stress," as well as "a new trial, a fair trial and change of venue." *Id.* at 7.

I. **Unnamed Defendants**

Administrator Edwards and Captain Bowman are not mentioned by name anywhere in the Complaint. The Court must conclude that they are named solely because of their job titles. § 1983 claims, however, require an allegation of a causal connection between a defendant's acts or omissions and the alleged constitutional deprivation. *See Zalter v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *see also Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require

technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Such claims cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Their mere supervisory roles, without allegations connecting them to the allegedly unconstitutional acts/omissions of the Complaint, are insufficient to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted). Both should be **DISMISSED** from the Complaint.

## II. Force Used

Brown clearly asserts an excessive force claim against Officer McCellend. To allege excessive force by an officer in the course of executing an arrest, a plaintiff must assert that the officer's conduct was objectively "unreasonable." *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Such a test looks not to the motivation of the particular officer, but instead examines whether a reasonable officer would have taken the

same action. *Id*. at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quotes and cites omitted).

> Because "[t]he test of reasonableness under the Fourth Amendment is not capable of a precise definition or mechanical application," . . . its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* (cites omitted). The Court examines "the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balanc[ing] the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009) (*citing Scott v. Harris*, 550 U.S. 372, 383 (2007)). "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably proportionate to the need for force." *Smith v. LePage*, 834 F.3d 1285, 1294 (11th Cir. 2016); *see also Scott*, 550 U.S. at 383 (observing that in determining whether the Fourth Amendment was violated, "we must

4

still slosh our way through the factbound morass of 'reasonableness.'"). Here, Bacon alleges that he was "shot" in the back while compliant and non-resistant. Taken as true,[2] as his allegations must be at this stage, and despite the defenses that McCelland might assert against Bacon's sere allegation of excessive force, that is enough to warrant a response.

As to the jail staff that somehow stirred up violence against Bacon at the hands of another inmate and then watched, impassive, as the dramatics unfolded, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. Merely negligent failure to protect an inmate from attack does not justify liability under § 1983. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to

---

[2]   Plaintiff is reminded that lying under oath, either live or "on paper," is illegal and punishable by severe sanctions, including criminal prosecution. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012)

intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

"An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk[.]'" *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc), quoting *Farmer*, 511 U.S. at 844. Prison officials have a duty to take reasonable steps to intervene on behalf of the victim of victim of an ongoing assault by another inmate. *Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005). "However, in order for liability to attach, the officers must have been in a position to intervene." *Terry v. Bailey*, 376 F. App'x 894, 896 (11th Cir. 2010). Inciting another prisoner to violence and then standing by as that violence occurs, of course, fits the bill. Sergeant Barber, Officer Larryman, and Officer Driggers must also respond.

### III. Postcards

Bacon's terse allegation that his First Amendment rights have been violated must be amended. He states, in total, that as of "February 11, 2019 a memo was placed in the dormitory that states all outgoing mail will

6

be postcards only." Doc. 1 at 6. He links this to difficulty with his *legal* rights, invoking his entitlement to "due process to a fair trial" — an access-to-the-courts and communications with counsel claim — but explicitly invokes the First Amendment. *Id*. at 6-7. Either way, the Court does not have enough information. *See generally Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008) (analyzing legal mail violation under both access to courts and free speech).

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). However, to bring an access-to-courts claim, an inmate must establish that he suffered an actual injury:

> The actual injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access. Thus, the . . . official's actions which allegedly infringed on an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim. Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition or a civil rights action.

*Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (cites omitted).

Bacon's Complaint does not allege enough to satisfy the actual injury

prerequisite (he contends that, somehow, he was deprived of a fair trial but alleges nothing even hinting at a connection between being restricted to postcards for correspondence and any trial) and does not come close to showing defendants acted with the *intent* to frustrate his ability to defend his case. See *Chappell*, 340 F.3d at 1283 (distinguishing between claims of intentional concealment of facts and mere failure to investigate); *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005) (plaintiff must allege intentional conduct interfering with his legal mail to support claim of impeding a right of access to the courts); *Snyder v. Nolen*, 380 F.3d 279, 291 n. 11 (7th Cir. 2004) ("an allegation of simple negligence will not support a claim that an official has denied an individual access to the courts" and citing cases from other courts holding same). He simply states that a memo was passed out regarding restricting outgoing mail to postcards, *not* that actions were taken to intentionally deprive him of his access to the courts. Furthermore, plaintiff fails to state a legal mail claim based on free speech. In order for an inmate to state a free speech legal mail claim, he must be communicating with his attorney. See *Al-Amin*, 511 F.3d at 1332-34. No such allegation is levied in his Complaint, but the Court will permit Bacon to amend to so state *if* in fact, he has been

deprived of meaningful communication with counsel.

Bacon must file an Amended Complaint setting forth his prison mail allegations **within 14 days of service of this Order** or this claim will be dismissed from the Complaint for failing to set forth a cognizable federal claim. Amendment is necessary to clarify whether his legal mail claim can survive screening.[3]

## IV. Conclusion

In sum, plaintiff's claims against Jail Administrator Edwards and Captain Bowman should be **DISMISSED** from the Complaint.[4] Bacon is further **ORDERED** to file an Amended Complaint setting forth factual allegations supporting a legal mail claim **within 14 days of service of this Order** or that claim too will be dismissed. His claims for excessive

---

[3] Plaintiff must include a *coherent* "short and plain statement of the claim showing" that he is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). That means he must present the Court with the factual allegations that support his constitutional claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendant violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Clerk of Court is **DIRECTED** to include with service of this Order a copy of the Southern District of Georgia's form prisoner § 1983 Complaint.

[4] To the extent plaintiff believes he can resuscitate these claims, he remains free to set forth any allegations against these defendants in an Amended Complaint if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012). If he does not, after the expiration of the Objections period the Court will dismiss them from the Complaint.

force and failure to protect, however, are **AUTHORIZED** for service and the Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's Complaint, to the Marshal for service upon Sergeant Barber and Officers Larryman, Driggers, and McCelland so that they may respond.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $0 in average monthly deposits. Doc. 5. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[5]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file

---

[5] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>28th</u> day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA