# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

NICHOLAS S. BACON,                )
                                  )
      Plaintiff,            )
                                  )
v.                                )        CV419-093
                                  )
DAVID EDWARDS, *et al.*,           )
                                  )
      Defendants.           )

## REPORT AND RECOMMENDATION

The Court screened Nicholas S. Bacon's 42 U.S.C. § 1983 Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim, and authorized service of his excessive force claims against several other defendants and ordered Bacon to amend his "postcards" claim. *See* doc. 8. Bacon having timely amended his complaint (doc. 11), the Court now screens his Amended Complaint that he has been deprived of his First Amendment right to mail anything more than postcards.

Bacon has abandoned any reference to the jail's "memo" restricting outgoing mail to "postcards." *Compare* doc. 11 *with* doc. 1 at 6. Now he complains that three letters somehow intertwined with his legal rights have been "censored" and "withheld." Doc. 11 at 2-4. "Access to the

courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)).  However, to bring an access-to-courts claim, an inmate must establish that he suffered an actual injury:

> The actual injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access.  Thus, the . . . official's actions which allegedly infringed on an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim.  Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition or a civil rights action.

*Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (cites omitted).

Bacon alleges that his personal letter to "Ms. Taresi" has been "censored" and "withheld" by Administrator Edwards, thus "suppress[ing]" his "spiritual connection to a fair trial . . . [by] leaving [him] disconnected of ideas and a sense of identity."  Doc. 11 at 1.  This disconnection (somehow, he doesn't say) resulted in a "selective and malicious prosecution" and the "coup de grace of the ultimate hate crime," as he was (somehow, it is left to the Court's imagination) denied a qualified witness.  *Id*. at 1-2.  The Court is hard pressed to translate this mumbo

jumbo, poetic though it may be, into an actionable claim. "Spiritual connection" does not an access-to-the-courts or access-to-counsel claim make.

Bacon then alleges that defendant censored and withheld his mail to "Mr. Al Williams, state representative," wherein he was "seeking help with a clemency on how to restore [his] civil and political rights and remove disabilities from previous conviction." Doc. 11 at 2. A third letter to "the Post Master General" has also been censored and withheld, which Bacon concludes "demonstrate[s] the actual injury to the First Amendment." *Id.* That injury, apparently, is his own "suppress[ed] expression" and stymied "basic human desire for recognition." *Id.* at 3. These "injuries," however, do not implicate the Constitution.

Bacon's Amended Complaint falls far short of establishing *any* injury whatsoever, beyond his conclusory allegations that his spiritual and legal rights have been affected. *Bass*, 143 F.3d at 1445 (plaintiff must show interference with his mail "frustrated or impeded" his vindication of a "nonfrivolous legal claim"). He also does not come close to showing defendants acted with the *intent* to frustrate his ability to defend his case. *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005) (plaintiff must

allege intentional conduct interfering with his legal mail to support claim of impeding a right of access to the courts); *Snyder v. Nolen*, 380 F.3d 279, 291 n. 11 (7th Cir. 2004) ("an allegation of simple negligence will not support a claim that an official has denied an individual access to the courts" and citing cases from other courts holding same). Finally, plaintiff does not allege that his attorney-client communications are being interfered with. *See* doc. 11. He thus fails to state a legal mail claim based on free speech. *See generally Al-Amin v. Smith*, 511 F.3d 1317, 1332-34 (11th Cir. 2008).

In sum, plaintiff's legal mail claims against Jail Administrator Edwards should be **DISMISSED** from the Complaint.[1] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document

---

[1] To the extent plaintiff believes he can resuscitate these claims, he remains free to set forth any allegations against these defendants in a Second Amended Complaint if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012). If he does not, after the expiration of the Objections period the Court will dismiss them from the Complaint.

should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 18th day of June, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA