IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NICHOLAS S. BACON, )
)
Plaintiff, )
)
v. ) CASE NO. CV419-093
)
DAVID EDWARDS, LONNIE BOWMAN, )
SGT. BARBER, OFFICER LARRYMAN, )
OFFICER DRIGGERS, OFFICER )
MCCELLOND, and LIBERTY COUNTY )
JAIL, Transportation Department, )
)
Defendants. )
)

## ORDER

Before the Court are the Magistrate Judge's reports and recommendations (Doc. 8; Doc. 12), to which objections have been filed (Doc. 15). The Magistrate Judge recommends that Defendants Edwards and Bowman be dismissed from this action, that Plaintiff's claims involving alleged violations of his First Amendment rights be dismissed, and that the claims against Defendants Barber, Larryman, Driggers, and McCellond shall proceed.[1] For the following reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the reports and recommendations.

---

[1] It appears from the executed waivers of service that "Larryman" is a misspelling of Lermy. (Doc. 27.) Likewise, "McCellond" is a misspelling of McClelland. (Doc. 25.) Accordingly, this Court shall refer to Defendants by the spelling of their names as stated on the executed waivers of service.

The Court agrees with the Magistrate Judge's conclusions that Defendant Bowman should be dismissed from this action and that Plaintiff's claims against Defendants Barber, Lermy, Driggers, and McClelland should proceed. The Court also agrees with the Magistrate Judge's conclusion that Plaintiff has failed to state an access-to-the-courts claim under the First Amendment. This Court, however, finds that Plaintiff, after amendment and through his objections, has clarified his claims related to the First Amendment. This Court finds that Plaintiff has pled a free speech claim that is distinct from his access-to-the-courts claim and that it survives this initial screening.

Plaintiff alleges that his letters to Ms. Taresi, Mr. Williams, and to the Post Master General were censored and withheld by Defendant Edwards, in violation of his First Amendment rights. (Doc. 11 at 1-2.) Additionally, in his objections, Plaintiff states that he has not abandoned his reference to the jail's memo "restricting outgoing mail" and recites the memo in his objections. (Doc. 15 at 1.) According to Plaintiff, the jail posted a policy that stated that "[a]ll outgoing mail will be postcards only and if you are sending out 'legal' mail, the recipients address will be verified." (Id.) Plaintiff claims that this memo interferes with his First Amendment right to free speech. (Id. at 2.) "The Supreme Court held that both inmates and noninmates have a First Amendment

2

interest in correspondence sent to one another." Perry v. Sec'y, Fla. Dep't of Corr., 664 F.3d 1359, 1363 (11th Cir. 2011) (citing Procunier v. Martinez, 416 U.S. 396, 408-09, 94 S. Ct. 1800, 1809, 40 L. Ed. 2d 224 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989)); see also Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008) (stating that "[m]ail is one medium of free speech, and the right to send and receive mail exists under the First Amendment" and that "it is well established that a prison inmate 'retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.' " (quoting Pell v. Procunier, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974))). Taking Plaintiff's allegations as true at this early stage of litigation, and despite the defenses that may be raised by Defendant Edwards, this Court finds that Plaintiff's claim that his First Amendment rights were violated due to the alleged withholding or censoring of Plaintiff's outgoing mail warrants a response.

Accordingly, Defendant Bowman is **DISMISSED** from this action. The claims against Defendants Barber, Lermy, Driggers, and McClelland shall proceed. Plaintiff's access-to-the-courts claim is **DISMISSED**. However, at this early stage, Plaintiff has stated a claim for a general violation of his First Amendment

rights against Defendant Edwards due to the alleged withholding or censoring of Plaintiff's outgoing mail. Accordingly, Defendant Edwards is not dismissed. The Clerk of Court is **DIRECTED** to forward a copy of this Order, the report and recommendations, and Plaintiff's complaint and amended complaint to the Marshal for service upon Defendant Edwards.

Plaintiff has also filed a Motion for Entry of Default (Doc. 22) contending that Defendants have failed to timely answer or defend this action. Plaintiff's Motion for Entry of Default must be denied. As shown on the docket, the United States Marshals Service mailed the notices of a lawsuit and requests to waive service of a summons to Defendants Driggers, Lermy, McClelland, and Barber on June 8, 2019. (Doc. 8, Attach. 1.) Defendants timely returned the executed waivers of service. (Doc. 24; Doc. 25; Doc. 26; Doc. 27.) Therefore, Defendants Driggers, Lermy, McClelland, and Barber have until August 7, 2019 to file a responsive pleading in this action. Plaintiff's Motion for Entry of Default (Doc. 22) is untimely and, therefore, **DENIED**.

SO ORDERED this 22ND day of July 2019.

/s/ William T. Moore, Jr.
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA