# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| NICHOLAS S. BACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-093 |
| | ) | |
| DAVID EDWARDS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Nicholas S. Bacon's 42 U.S.C. § 1983 complaint against David Edwards, Sgt. Barber, Officer Lermy, Officer Driggers, Officer McClelland, and Liberty County Jail was approved for service (docs. 8 & 29).  The defendants filed a Motion for Judgment on the Pleadings alleging that plaintiff failed to exhaust his administrative remedies. Doc. 47.  They also filed a Motion to Stay pending resolution of the Motion for Judgment on the Pleadings, doc. 48, and a Motion for Extension of Time, doc. 49. Plaintiff, for his part, filed a Motion for Production of Documents.  Doc. 50. These motions are now ripe for review.  For the following reasons, the Motion for Judgment on the Pleadings should be **GRANTED**. Doc. 47.  The remaining motions should be **DISMISSED AS MOOT**.

## BACKGROUND

Bacon alleged that, while in an "unresistable state," Officer McClelland "shot" him in the back in August 2017.  Doc. 1 at 5.  At unspecified times in the past year, Bacon has further complained of "severe physical discomfort that is beyond acid reflux and constipation," perhaps as a result of being "shot" (he doesn't say).  *Id.*  Then, in March 2019, Sergeant Barber and Officers Larryman and Driggers caused another inmate to attack Bacon, leaving him injured.  *Id.* He also complains that outgoing mail has been restricted to postcards since February 2019. *Id.* at 6.  Bacon demands "reparation for damages caused during hostilities" and "compensation for mental unrest and bodily stress," as well as "a new trial, a fair trial and change of venue."  *Id.* at 7.  Defendants respond that plaintiff failed to comply with his obligation to exhaust his administrative remedies as to each of these claims and his case should thus, be dismissed.  Doc. 47.

## ANALYSIS

Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies *before* filing an action that challenges the conditions of his confinement.  *See* 42 U.S.C. § 1997e(a).  Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate."  *Harris v. Garner*, 190 F.3d 1279,

1285-86 (11th Cir. 1999), *aff'd in part and vacated and remanded on other grounds by Harris v. Garner*, 216 F.3d 970 (2000) (*en banc*); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA").  When a defendant moves to dismiss and puts forward proof showing that plaintiff failed to exhaust and defendant did not inhibit his efforts to do so, the PLRA requires the Court to dismiss the unexhausted claims.[1]  *See Turner v. Burnside*, 541 F.3d 1077, 108-83 (11th Cir. 2008) (describing the two-prong "facial" and "factual" evaluation of exhaustion as a "matter in abatement," as it is a precondition to suit, not an adjudication on the merits); *Harris*, 190 F.3d at 1285-86.  Simply put, if an administrative remedy is "available," it *must* be exhausted.  42 U.S.C. § 1997e(a).

Liberty County Jail maintains a grievance procedure.  Doc. 47 at 3.  Notably, plaintiff does not allege that he was unaware of the grievance procedure when his complaints arose and in fact asserts that he made some attempts to comply with the administrative procedure.  Doc. 1 at 3.  Under the

---

[1]  Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court.  *Id*. at 89-91 (citation omitted); *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing a grievance "under the terms of and according to the time set by" prison officials).  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims.  *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

procedure, an inmate must request an Inmate Grievance Form and complete and submit the Form within five days of the date of the occurrence. Doc. 47 at 7. The Assistant Jail Administrator must respond within fifteen days and if the response is unsatisfactory, the inmate has three days to appeal to the Jail Administrator, who must then respond within ten days. *Id.* Because an administrative grievance procedure was in place and available for Bacon's use, he was required to file a grievance and fully exhaust all of his available administrative remedies *prior* to filing his Complaint. *See Johnson*, 418 F.3d at 1156.

Plaintiff's complaint indicates that he filed grievance forms, but he did not oppose defendant's motion for Judgment on the Pleadings. Rather he requested that the Court order defendants to turn over all footage of the incidents, written statements regarding the incidents, and associated medical records. Doc. 50 at 2. Thus, the Court is limited to the record supplied by plaintiff's statements in his complaint and the uncontested documents submitted by the defendants. It appears from these documents, that plaintiff did not file a grievance related to the February 21, 2019 incident forming the basis for Plaintiff's Eighth Amendment claims against Sergeant Barber, Officer Larryman, and Officer Driggers. Doc. 47 at 4. Likewise, it appears that there is no grievance relating

to plaintiff's contention that defendants failed to deliver his mail.[2]  *Id.*  However, there is an Inmate Request form for the incident on August 31, 2017 when plaintiff was shot with a Taser.  Doc. 47-6 at 17.  However, this grievance form is dated October 2, 2017, which is—as defendants note—"well after the time period permitted by the LCJ Inmate Handbook for filing a grievance and was thus untimely."  Doc. 47 at 4.  Despite this delayed grievance, the complaint was still addressed by Sergeant Sibert, and plaintiff was informed that his complaint lacked merit.  Doc. 47-3 at 3-4.  Regardless of the initial timeliness of the grievance, plaintiff failed to appeal this determination.[3]  Considering the information provided by the defendants, plaintiff's assertion that he

---

[2] There are a number of grievances requesting the provision of stamps and the availability of boxes for submitting legal documents to his attorney.  *See, e.g.*, Doc. 47-6 at 21.  However, regardless of whether these are sufficient to establish a claim regarding his mail, there is no evidence that plaintiff appealed their disposition (to the extent he did not receive what he requested).  Indeed, it appears that on a number of occasions he did indeed receive the postage stamps he requested.  *See, e.g.,* doc. 47-6 at 20.

[3] Nothing in plaintiff's complaint contradicts this.  Plaintiff asserts only that he completed an inmate request form regarding the "spelling of the names and the other was about what happen."  Doc. 1 at 3.  He then contends that no one responded to the grievance.  *Id.* at 4.  Notably, Bacon agrees that he did not "appeal any adverse decision to the highest level possible in the administrative procedure."  Doc. 1 at 4.  Moreover, Bacon does not assert that the administrative remedies were unavailable in this case, nor is it likely he could succeed if he had.  *See also Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1859 (2016) (prisoners need only exhaust those remedies which were available to them).  Plaintiff also fails to demonstrate an exception to the PLRA's procedural bar.  Three circumstances can render an administrative remedy, "although officially on the books," unavailable: (1) where the administrative procedure "operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when administrative remedies are so confusing that they are "essentially 'unknowable'"; or (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* at 1859-60.

failed to appeal each of his grievances, and his lack of opposition to the Motion for Judgment on the Pleadings, it appears that plaintiff failed to exhaust his administrative remedies.

Because plaintiff had not exhausted his administrative remedies at the time he filed his complaint, doc. 1, defendants' motion, doc. 47, should be **GRANTED** and his claims should be **DISMISSED** as **UNEXHAUSTED**. Because the Court recommends the grant of defendants' Motion for Judgment on the Pleadings, doc. 47, their Motion to Stay, doc. 48, and Motion for Extension of Time, doc. 49, are **DISMISSED AS MOOT**. Plaintiff's Motion for Production of Documents, doc. 50, is likewise **DISMISSED AS MOOT**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 23rd day of July, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA